# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN TONY CERVANTES, | ) Case No.: 1:20-cv-00188-NONE-JLT (HC) |
| Petitioner, | ) ORDER GRANTING MOTION FOR STAY AND ABEYANCE |
| v. | ) |
| W.J. SULLIVAN, Warden, | ) (Doc. 4) |
| Respondent. | ) SIXTY-DAY DEADLINE |

On February 6, 2020, Petitioner filed the instant petition for writ of habeas corpus raising only one exhausted claim. (Doc. 1.) Petitioner filed a motion for a stay and abeyance of the proceedings, in which he includes three claims to be exhausted. (Doc. 4.) The Court directed Respondent to respond to the motion for stay and abeyance. (Doc. 5.) On March 20, 2020, Respondent filed a statement of non-opposition to a <u>Kelly</u> stay. (Doc. 9.) As discussed below, the Court will grant a <u>Kelly</u> stay.

## DISCUSSION

I.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory

1

Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

## II.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995).

## III.    Motion for Stay and Abeyance

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Two procedures are available to a habeas petitioner who wishes to stay a pending federal petition while exhausting claims in state court: the Rhines procedure and the Kelly procedure. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). The appropriate procedure in a particular case depends on whether the petition is "mixed" or fully exhausted. See id.

Under Rhines, 544 U.S. 269, a district court has discretion to stay a mixed or wholly

unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Under Kelly, 315 F.3d 1063, the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court. Kelly, 315 F.3d at 1070-71. Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135. A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1070-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661).

As Respondent contends, the petition filed is fully exhausted and Petitioner has not identified whether he seeks a stay under Rhines or Kelly. (Doc. 9 at 1.) In this case, a Rhines stay is improper. A Rhines stay applies to a mixed or wholly unexhausted petition. See Rhines, 544 U.S. at 277-78; Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) ("Rhines applies to stays of mixed petitions"); Mena, 813 F.3d at 912. The petition here is fully exhausted and Petitioner seeks a stay and abeyance to exhaust claims not raised in it. Therefore, as Respondent contends in his statement of non-opposition, Kelly governs Petitioner's stay request. (Doc. 9 at 1-2); see Jackson, 425 F.3d at 661 (holding that "Rhines applies to stays of mixed petitions, whereas [Kelly] applies to stays of fully exhausted petitions" (emphases omitted)). Since a Kelly stay does not require the showing of potential

merit and good faith required for a Rhines stay, and there being no other obvious impediment to granting a Kelly stay, the Court will stay proceedings while Petitioner exhausts grounds stated in his motion.

Petitioner is cautioned, however, that while a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA. 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (internal citations omitted).

The Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11. Petitioner must diligently pursue his state court remedies. He is directed to file a status report within 60 days of the date of service of this Order, and he must file a status report every 60 days thereafter advising the Court of the status of the state court proceedings. Following final action by the state courts, Petitioner will be allowed 30 days within which to file a motion to lift the stay and for leave to amend the instant petition to include the newly exhausted claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this Order. Kelly, 315 F.3d at 1071.

**ORDER**

Accordingly, the Court ORDERS:

1) Petitioner's motion for stay (Doc. 4) is GRANTED;
2) Petitioner is DIRECTED to file a status report within 60 days of the date of service of this Order, and then every 60 days thereafter;

*///*

*///*

*///*

3) Following final order of the state courts, Petitioner is DIRECTED to file a motion to lift the stay and for leave to amend the petition to include the newly exhausted claims within 30 days.

IT IS SO ORDERED.

Dated: __**April 14, 2020**__                     __**/s/ Jennifer L. Thurston**__
                                                          UNITED STATES MAGISTRATE JUDGE