UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN TONY CERVANTES, | No. 1:20-cv-00188-NONE-JLT (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING § 2254 PETITION |
| v. | |
| W.J. SULLIVAN, Warden, | (Doc. Nos. 1, 20) |
| Respondent. | |

Petitioner Ruben T. Cervantes is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a Kern County Superior Court jury of two counts of attempted deliberate and premeditated murder in violation of California Penal Code, §§ 664, 189 and one count of infliction of corporal injury to a spouse in violation of Penal Code § 273.5(a). *People v. Cervantes*, No. F073341, 2018 WL 4443814, at *1 (Cal. Ct. App. Sept. 18, 2018); (*see also* Doc. No. 1 ¶ 6). On appeal, the California Court of Appeal affirmed the judgment of conviction for the most part[1] and rejected petitioner's contention the evidence admitted at his trial was insufficient to sustain the

---

[1] With the exception of remanding the case back to the trial court "to consider whether to exercise its discretion pursuant to [Penal Code § 12022.53(h)] to strike appellant's firearm enhancement and, if appropriate, following the exercise of that discretion, to resentence appellant accordingly," the conviction was fully affirmed. *Cervantes*, No. F073341, 2018 WL 4443814, at *6. The partial affirmation is not material to the analysis of the instant § 2254 petition.

1

convictions. *Cervantes*, No. F073341, 2018 WL 4443814, at *6. The California Supreme Court denied review of petitioner's claims, including that based upon the alleged insufficiency of the evidence. (Doc. Nos. 17-32, 17-33.) Petitioner then brought this federal habeas petition challenging his state court conviction based upon his assertion of insufficiency of the evidence in violation of his rights under the Due Process Clause. (Doc. No. 1 ¶ 22.)

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United States Magistrate Judge. The assigned magistrate judge reviewed the § 2254 petition and found, as a matter of law, that petitioner's allegations fail to establish that there was an "objectively unreasonable" application of the beyond-reasonable-doubt standard at his trial in state court. (Doc. No. 20 at 9–11) (citing *Cavazos v. Smith*, 565 U.S. 1, 2 (2011)). The magistrate judge therefore recommended that this federal habeas petition be denied. (*Id.* at 11.) Petitioner has filed objections to the pending findings and recommendations. (Doc. No. 23.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. The undersigned finds the pending findings and recommendations to be supported by the record and proper analysis and finds petitioner's objections to be unpersuasive. The arguments raised by petitioner in his objections have already been thoroughly addressed in the findings and recommendations. Moreover, petitioner has failed to make any showing that viewing "all the evidence" "in the light most favorable to the prosecution" that the jury's conviction of him was "objectively unreasonable." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Cavazos*, 565 U.S. at 2. For these reasons, the findings and recommendations will be adopted.

In addition, the court concludes that petitioner is not entitled to a certificate of appealability under 28 U.S.C.A. § 2253. "Section 2253(c)(1)(A) provides that unless a circuit justice or judge issues a COA, an appeal may not be taken from 'the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.'" *Harbison v. Bell*, 556 U.S. 180, 183 (2009). To be entitled to a COA, petitioner must make a substantial showing that "reasonable jurists could debate whether (or, for that matter,

agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880 (1983)).  Neither of the requirements exists here.  The court therefore declines to issue a certificate of appealability.

Accordingly, the court ORDERS as follows:

1. The findings and recommendations (Doc. No. 20), filed November 10, 2020, are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DENIED;
3. The court DECLINES to issue a certificate of appealability; and
4. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and close this case.

IT IS SO ORDERED.

Dated: **March 15, 2021**

_____
UNITED STATES DISTRICT JUDGE